CHRISTINE LEPERA (*pro hac vice*)
   ctl@msk.com
MITCHELL SILBERBERG & KNUPP LLP
12 East 49th Street, 30th Floor
New York, New York 10017-1028
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

BRADLEY J. MULLINS (SBN 274219)
   bym@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiffs and Counterdefendants
Ultra International Music Publishing, LLC
and Ultra Records, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULTRA INTERNATIONAL MUSIC PUBLISHING, LLC and ULTRA RECORDS, LLC,<br><br>            Plaintiffs,<br><br>    v.<br><br>MICHELLE PHAN,<br><br>            Defendant. | Case No. 2:14-cv-05533-MMM-AGR<br><br>**ANSWER OF ULTRA INTERNATIONAL MUSIC PUBLISHING, LLC AND ULTRA RECORDS, LLC TO MICHELLE PHAN'S COUNTERCLAIM**<br><br>**Demand For Jury Trial** |
| MICHELLE PHAN,<br><br>            Counterclaimant,<br><br>    v.<br><br>ULTRA INTERNATIONAL MUSIC PUBLISHING, LLC and ULTRA RECORDS, LLC,<br><br>            Counterdefendants. | |

Plaintiffs and Counterdefendants Ultra International Music Publishing, LLC ("UIMP") and Ultra Records, LLC ("Ultra") (together, "Counterdefendants"), by their undersigned attorneys, Mitchell Silberberg & Knupp LLP, answer the Counterclaim of Defendant and Counterclaimant Michelle Phan ("Phan"), as follows:

## JURISDICTION AND VENUE

1. Paragraph 1 consists of legal conclusions as to which no response is required. To the extent a response is required, Counterdefendants do not contest that this Court has jurisdiction over this Counterclaim.

2. Paragraph 2 consists of legal conclusions as to which no response is required. To the extent a response a required, Counterdefendants do not contest that venue is proper in this judicial district.

## THE PARTIES

3. Counterclaimants do not contest that Phan is an individual residing in Los Angeles, California.

4. Counterdefendants admit the allegations in Paragraph 4.

5. Counterdefendants admit the allegations in Paragraph 5.

6. Paragraph 6 consists of legal conclusions as to which no response is required. To the extent a response is required, Counterdefendants deny the allegations in Paragraph 6.

7. Counterdefendants admit that Phan is an entrepreneur in the beauty and lifestyle industry, that she has millions of subscribers on her YouTube channel, and that she receives income from her YouTube videos. Except as expressly admitted, Counterdefendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7, and on that basis deny such allegations.

8. Counterdefendants admit that Phan's YouTube videos feature demonstrations of make-up techniques, among other things, and her videos

typically incorporate music. Except as expressly admitted, Counterdefendants deny the allegations in Paragraph 8.

9. Counterdefendants admit that Phan derives substantial income from her YouTube videos. Except as expressly admitted, Counterdefendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and on that basis deny such allegations.

10. Counterdefendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and on that basis deny such allegations.

11. Counterdefendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and on that basis deny such allegations, except denies the allegations to the extent they refer, in any way, to Counterdefendants.

12. Counterdefendants deny the allegations in Paragraph 12.

13. Counterdefendants admit that Jason Killgore was formerly a Senior New Media Manager with Ultra, and aver that Mr. Killgore did not work with UIMP. Counterdefendants admit that Phan engaged in certain electronic communications with Mr. Killgore beginning in 2009 and state that such communications speak for themselves. The remaining allegations in Paragraph 13 are conclusory and argumentative characterizations of such communications, which do not require a response; however, to the extent a response is required, Counterdefendants deny such allegations, and expressly aver that Plaintiffs did not grant Phan a free license in perpetuity to use any music.

14. Counterdefendants deny the allegations of Paragraph 14 as they are snippets taken out of context, and as being conclusory and argumentative, and state that any communication between Mr. Killgore and Phan speaks for itself, and expressly aver that Plaintiffs did not grant Phan a free license in perpetuity to use any music.

15. Counterdefendants deny the allegations of Paragraph 15, except admit that Ultra and UIMP is each a party to a contractual agreement with YouTube, and state that such agreements speak for themselves.

16. Counterdefendants admit that Ultra was a party to a contractual arrangement with YouTube, and state that such agreement speaks for itself. Except as expressly admitted, Counterdefendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 as to the acts of others, and on that basis deny such allegations.

17. Counterdefendants deny the allegations in Paragraph 17.

18. Counterdefendants deny the allegations of Paragraph 18, except admit that Phan engaged in certain communications with Jason Killgore, which speak for themselves, and that Phan received a promotional package of CD's solely for Phan's personal enjoyment.

19. Counterdefendants deny the allegations of Paragraph 19, except admit Phan and Jason Killgore engaged in certain communications which speak for themselves.

20. Counterdefendants deny the allegations of Paragraph 20, except admit Phan and Jason Killgore engaged in certain communications which speak for themselves.

21. Counterdefendants deny the allegations in Paragraph 21.

22. Counterdefendants expressly deny that Phan had any agreement with either Counterdefendant to use music owned and/or administered by either Counterdefendant without express prior permission or payment, and therefore deny that Phan could have relied upon any such agreement. Counterdefendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22, and on that basis deny such allegations.

23. Paragraph 23 consists of vague, conclusory and argumentative allegations that do not require a response. To the extent a response is required,

Counterdefendants deny the allegations in Paragraph 23, and specifically aver that such allegations, even if true, would not support a license as alleged by Phan.

24. Counterdefendants expressly deny that Phan had any agreement with either Counterdefendant to use music owned and/or administered by either Counterdefendant without express prior permission or payment. Counterdefendants expressly deny that Phan always credited the artist and included and iTunes purchase link with every video that contained music owned and/or administered by Counterdefendants. Counterdefendants further aver that Phan belied her own allegations regarding the existence of any license through her own actions, which itself demonstrates the lack of merit of any such allegations. Counterdefendants deny the remaining allegations in Paragraph 24.

25. Counterdefendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and on that basis deny such allegations.

26. Counterdefendants admit that Ultra's General Counsel sent Phan's counsel a letter on March 18, 2014, and state that such letter speaks for itself. The remaining allegations in Paragraph 26 are conclusory and argumentative characterizations of such letter, which do not require a response; however, to the extent a response is required, Counterdefendants deny such allegations.

27. Counterdefendants admit that in June and July 2014, after expressly informing Phan that the use of Counterdefendants' music was unauthorized, Counterdefendants sent YouTube takedown notices pursuant to YouTube's terms of service. Except as expressly admitted, Counterdefendants deny the vague, conclusory and argumentative allegations in Paragraph 27 that do not refer to any specific Ultra and/or UIMP copyrighted works.

28. Counterdefendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and on that basis deny such allegations.

## FIRST CLAIM FOR RELIEF

(For Declaratory Relief)

[Against All Counterdefendants]

29. Counterdefendants hereby reallege and incorporate by reference their responses to the allegations of Paragraph 1 through 28 of the Counterclaim as if fully set forth herein.

30. Counterdefendants deny the allegations in Paragraph 30.

31. Counterdefendants' position and contentions set forth in its pleadings in this action speak for themselves. Except as expressly set forth in their pleadings, Counterdefendants deny the allegations in Paragraph 31.

32. Counterdefendants expressly deny Phan's contentions alleged in Paragraph 32, except to admit that she makes them.

33. Paragraph 33 consists of legal conclusions as to which no response is required.

## SECOND CLAIM FOR RELIEF

(Violation of Section 512(f) of Digital Millennium Copyright Act)

[Against All Counterdefendants]

34. Counterdefendants hereby reallege and incorporate by reference their responses to the allegations of Paragraph 1 through 28 and 30 of the Counterclaim as if fully set forth herein.

35. Counterdefendants deny the allegations in Paragraph 35.

36. Counterdefendants deny the allegations in Paragraph 36.

37. Counterdefendants deny the allegations in Paragraph 37.

## THIRD CLAIM FOR RELIEF

(Intentional Interference With Contract)

[Against All Counterdefendants]

38. Counterdefendants hereby reallege and incorporate by reference their responses to the allegations of Paragraph 1 through 28, 30 and 35 through 36 of the Counterclaim as if fully set forth herein.

39. Counterdefendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40. Counterdefendants deny the allegations in Paragraph 40.

41. Counterdefendants deny the allegations in Paragraph 41.

42. Counterdefendants deny the allegations in Paragraph 42.

43. Counterdefendants deny the allegations in Paragraph 43.

Counterdefendants deny that Counterclaimant is entitled to any relief whatsoever from any of them, including any of the relief sought in Counterclaimant's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Without waiving or excusing the burden of proof of Counterclaimant or admitting that any of the following are in fact defenses upon which any Counterdefendant has any burden of proof as opposed to denials of matters as to which Counterclaimant has the burden of proof, or that any Counterdefendant has any burden of proof at all, Counterdefendants hereby assert the following affirmative defenses. In support of their Affirmative Defenses, Counterdefendants hereby adopt and incorporate by reference in full the allegations of the First Amended Complaint in this action (Dkt. # 21).

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

Each alleged cause of action contained in the Counterclaim fails to state facts sufficient to constitute a cause of action against Counterdefendants, or any one or more of them.

## SECOND AFFIRMATIVE DEFENSE

(Estoppel)

Counterclaimant is estopped by her own conduct from maintaining any of her claims against Counterdefendants.

## THIRD AFFIRMATIVE DEFENSE

(Unclean Hands)

Counterclaimant's Counterclaims against Counterdefendants are barred as a result of Counterclaimant's unclean hands or the doctrine of *in pari delicto*.

## FOURTH AFFIRMATIVE DEFENSE

(Good Faith)

To the extent Counterdefendants, or any one or more of them, engaged in any act alleged by Counterclaimant, they did so innocently and in good faith.

## FIFTH AFFIRMATIVE DEFENSE

(Acts of Third Parties)

Counterclaimant's alleged damages, if any, are due solely to acts and omissions of third parties that are not those of and are independent from those of Counterdefendants, or any one or more of them.

## SIXTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

The imposition of any liability against Counterdefendants would unjustly enrich Counterclaimant.

## SEVENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Counterdefendants are informed and believe, and based thereon, allege that Counterclaimant has failed to make reasonable efforts to mitigate the damages alleged. Accordingly, the relief, if any, to which Counterclaimant allegedly is entitled must be diminished by the extent of her failure to mitigate.

## EIGHTH AFFIRMATIVE DEFENSE

(Set-Off)

The Counterclaims, and each alleged cause of action contained therein, are barred or offset by Counterclaimant's wrongful conduct that has damaged Plaintiffs as set forth in the First Amended Complaint in this action (Dkt. # 21).

## NINTH AFFIRMATIVE DEFENSE

(Privilege)

Counterclaimant's claim for intentional interference with contractual relations is barred by the competition privilege.

## TENTH AFFIRMATIVE DEFENSE

(Justification)

Counterclaimant's claim for intentional interference with contractual relations is barred by the doctrine of justification.

## ELEVENTH AFFIRMATIVE DEFENSE

(No License)

Counterclaimant did not have a license to use Counterdefendants' copyrighted works in the manner described in the Counterclaim. Even assuming *arguendo* that any license previously existed to use a particular work in connection with a particular video, such license was without consideration and was expressly revoked.

## TWELFTH AFFIRMATIVE DEFENSE

(Reservation of Defenses)

Counterdefendants hereby give notice that they intend to rely upon such other defenses as may become apparent in the course of discovery in this action, and reserve the right to amend their Answer to the Counterclaim to assert any such defenses.

## PRAYER FOR RELIEF

WHEREFORE, Counterdefendants pray for judgment against Counterclaimant as follows:

A. That Counterclaimant takes nothing by way of her Counterclaim;

B. That Counterclaimant's Counterclaim be dismissed with prejudice and judgment entered in favor of Counterdefendants;

C. That Counterdefendants be awarded their costs of suit incurred in this action;

D. That Counterdefendants be awarded their attorneys' fees to the extent permitted by law; and

/ / /

/ / /

/ / /

E.  For such other and further relief as the Court deems just and proper.

DATED: October 9, 2014          MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Bradley J. Mullins
  Christine Lepera (*pro hac vice*)
  Bradley J. Mullins
  Attorneys for Plaintiffs and Counterdefendants
  Ultra International Music Publishing, LLC and Ultra Records, Inc.

## DEMAND FOR JURY TRIAL

Counterdefendants demand a trial by jury as to all claims averred herein that are triable to a jury.

DATED: October 9, 2014      MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Bradley J. Mullins
    Christine Lepera (*pro hac vice*)
    Bradley J. Mullins
    Attorneys for Plaintiffs and Counterdefendants
    Ultra International Music Publishing, LLC and Ultra Records, Inc.

Mitchell Silberberg & Knupp LLP

6411170.3

12
**ANSWER TO COUNTERCLAIMS**